## ESTATE OF MARGARET HANDLIN
### v.
## HENRY LAW.

*Administration—Claim for Services—Evidence—Sec. 1, Chap. 51, R. S. —Credibility.*

1. Upon a claim for services sought to be collected from the estate of a deceased person, it is proper, as affecting the credibility of the claimant, to allow him to be interrogated upon cross-examination as to whether he was ever convicted of a crime, or confined in the penitentiary.

2. The fact of such conviction will not disqualify a witness under Sec. 1, Chap. 51, R. S.

[Opinion filed July 1, 1889.]

APPEAL from the Circuit Court of Will County; the Hon. DORANCE DIBELL, Judge, presiding.

Messrs. FITHIAN & COWING, for appellant.

Messrs. R. M. WING and CHARLES F. GOODSPEED, for appellee.

*Per Curiam.* This was a claim filed by Henry Law against the estate of Margaret Handlin deceased, and on appeal was tried in the Circuit Court, and verdict for claimant of $335. The claim was for services in attending to the deceased in her last illness for forty-eight days. Mrs. Morrison on the part of the claimant testified that the services were worth $6 to $7 per day, and she was the only witness who testified to anything like such prices. On the other side there testified witnesses to the number of six, whose estimate of the value of such services was from $7 to $14 per week, and the physician who attended her in her last illness, called by the claimant, put the services at the highest at $21 per week. It seems to us that the evidence at first blush fails to support the verdict. The court also erred in excluding the cross-examination of the claimant, who was called as a witness in his own behalf, to contradict a supposed conversation with him and the deceased during her illness. He was asked on cross-examination whether he had ever been convicted of a crime, or been confined in the penitentiary. The claimant was not disqualified as a witness under the statute by reason of " his conviction of a crime," if such was the case, but the fact of such conviction " may be proven like any fact not of record, either by the witness himself (who shall be compelled to testify thereto) or by any other witness cognizant of such conviction as impeaching testimony or by any other competent evidence." Sec. 1, Chap. 51, R. S. The appellee had a right to interrogate the witness as to such fact and it was error to refuse it.

For these reasons the judgment is reversed and the cause remanded.

*Reversed and remanded.*